

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 02/09/2026

☐ Pro Se   ☒ Retained   ☐ CJA   ☐ FPD   USA or other ☐ Federal Agency
(Appeal Fee Exempt)

Case No: <u>24-cv-00710-SKC-KAS</u>   ☐ Amended Notice of Appeal
☐ Other pending appeals

Date Filed: 02/09/2026   ☐ Transferred Successive
§2254 or §2255

Appellant: <u>Mike Boulter, Boulter LLC</u>   ☐ Supplemental Record

Pro Se Appellant:
☐ IFP forms mailed/given   ☐ Motion IFP pending   ☐ Appeal fee paid
☐ IFP denied   ☐ Appeal fee not paid

Retained Counsel:
☒ Appeal fee paid   ☐ Appeal fee not paid   ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL,

CLERK by:   s/ <u>J.</u> Roberts
Deputy Clerk

Rev. 8/17/2017

cc:      Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

APPEAL,JD1,NDISPO,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–00710–SKC–KAS</u>

Boulter et al v. Noble Energy Inc.
Assigned to: Judge S. Kato Crews
Referred to: Magistrate Judge Kathryn A. Starnella
Cause: 28:1332 Diversity–Breach of Contract

Date Filed: 03/14/2024
Date Terminated: 02/02/2026
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**<u>Plaintiff</u>**

**Mike Boulter**                        represented by    **Alexandre Barbour**
Barton & Burrows LLC
5201 Johnson Drive
Suite 110
Mission, KS 66205
913–223–6568
Email: <u>alex@bartonburrows.com</u>
*ATTORNEY TO BE NOTICED*

**Stacy Ann Burrows**
Barton & Burrows LLC
5201 Johnson Drive
Suite 110
Mission, KS 66205
913–563–6253
Fax: 913–563–6259
Email: <u>stacy@bartonburrows.com</u>
*ATTORNEY TO BE NOTICED*

**George A. Barton**
Barton & Burrows LLC
5201 Johnson Drive
Suite 110
Mission, KS 66205
913–563–6250
Email: <u>george@bartonburrows.com</u>
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Boulter LLC**                        represented by    **Alexandre Barbour**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stacy Ann Burrows**
(See above for address)
*ATTORNEY TO BE NOTICED*

**George A. Barton**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ralph Nix Produce, Inc**    represented by    **Stacy Ann Burrows**
(See above for address)
*ATTORNEY TO BE NOTICED*

**George A. Barton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Barclay Farms, LLC**    represented by    **Stacy Ann Burrows**
*on behalf of themselves and classes of*    (See above for address)
*similarly situated persons*    *ATTORNEY TO BE NOTICED*

**George A. Barton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Noble Energy Inc.**    represented by    **James Robert Henderson**
Davis Graham & Stubbs LLP
3400 Walnut Street
Suite 700
Denver, CO 80205
303−892−7317
Fax: 303−893−1379
Email: jim.henderson@davisgraham.com
*ATTORNEY TO BE NOTICED*

**Jonathan William Rauchway**
Davis Graham & Stubbs LLP
3400 Walnut Street
Suite 700
Denver, CO 80205
303−892−7216
Email: jon.rauchway@davisgraham.com
*ATTORNEY TO BE NOTICED*

**Molly Jane Kokesh**
Davis Graham & Stubbs LLP
3400 Walnut Street
Suite 700
Denver, CO 80205
303−892−9400
Fax: 303−893−1379

Email: molly.kokesh@davisgraham.com
*ATTORNEY TO BE NOTICED*

**Theresa Wardon Benz**
Davis Graham & Stubbs LLP
3400 Walnut Street
Suite 700
Denver, CO 80205
303–892–9400
Fax: 303–893–1379
Email: theresa.benz@davisgraham.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kerr–McGee Oil & Gas Onshore LP**          represented by  **Anthony N. Kaim**
*TERMINATED: 05/22/2024*                                     Gibbs & Bruns LLP
                                                             1100 Louisiana Street
                                                             Suite 5300
                                                             Houston, TX 77002
                                                             713–751–5249
                                                             Fax: 713–750–0903
                                                             Email: akaim@gibbsbruns.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Barrett H. Reasoner**
                                                             Gibbs & Bruns LLP
                                                             1100 Louisiana Street
                                                             Suite 5300
                                                             Houston, TX 77002
                                                             713–751–5244
                                                             Fax: 713–750–0903
                                                             Email: breasoner@gibbsbruns.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Carlos R. Romo**
                                                             Williams Weese Pepple & Ferguson PC
                                                             1801 California Street
                                                             Suite 3400
                                                             Denver, CO 80202
                                                             303–228–2531
                                                             Fax: 303–861–4017
                                                             Email: cromo@williamsweese.com

                                                             **Ezekiel J. Williams**
                                                             Williams Weese Pepple & Ferguson PC
                                                             1801 California Street
                                                             Suite 3400
                                                             Denver, CO 80202
                                                             303–228–2529
                                                             Fax: 303–861–4017
                                                             Email: zwilliams@williamsweese.com

**Jacqueline Frances Hyatt**
Holland & Hart LLP
555 17th Street
Suite 3200
Denver, CO 80202
303−295−8586
Fax: 303−975−5490
Email: jfhyatt@hollandhart.com

**Mairead K. Dolan**
Williams Weese Pepple & Ferguson PC
1801 California Street
Suite 3400
Denver, CO 80202
303−228−2516
Fax: 303−861−4017
Email: mdolan@williamsweese.com

**Shannon Nicole Smith**
Yetter Coleman LLP
811 Main Street
Suite 4100
Houston, TX 77002
713−632−8066
Fax: 713−632−8002
Email: ssmith@yettercoleman.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2024 | 1 | COMPLAINT against Kerr−McGee Oil & Gas Onshore LP, Noble Energy Inc. (Filing fee $ 405,Receipt Number ACODC−9589038)Attorney George A. Barton added to party Barclay Farms, LLC(pty:pla), Attorney George A. Barton added to party Mike Boulter(pty:pla), Attorney George A. Barton added to party Boulter LLC(pty:pla), filed by Barclay Farms, LLC, Boulter LLC, Mike Boulter. (Attachments: # 1 Exhibit 1 − Commission Order Declining Jurisdiction, # 2 Summons Summons for Defendant Noble Energy Inc, # 3 Summons Summons for Defendant Kerr−McGee Oil and Gas Onshore LP, # 4 Civil Cover Sheet Civil Cover Sheet)(Barton, George) (Entered: 03/14/2024) |
| 03/14/2024 | 2 | Case assigned to U.S. District Judge S. Kato Crews and drawn to Magistrate Judge Kathryn A. Starnella. Text Only Entry. (blaws) (Entered: 03/15/2024) |
| 03/15/2024 | 3 | SUMMONS issued by Clerk. (Attachments: # 1 Summons, # 2 Magistrate Judge Consent Form) (blaws) (Entered: 03/15/2024) |
| 03/15/2024 | 4 | ORDER REFERRING CASE to Magistrate Judge Kathryn A. Starnella for **non−dispositive matters.** Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a |

|  |  | scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, and (3) hear and determine pretrial matters, including discovery and other non–dispositive motions. Court–sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the request of the parties by motion, this Court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Alternatively, the Magistrate Judge, at their discretion, may convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. **Counsel for the Parties and all counsel who may later enter an appearance shall review and familiarize themselves with the undersigned's Standing Order and Practice Standards, as well as the Practice Standards of the assigned Magistrate Judge.** By U.S. District Judge S. Kato Crews on 3/15/2024. Text Only Entry (skcja, ) (Entered: 03/15/2024) |
|---|---|---|
| 03/25/2024 | 5 | NOTICE of Entry of Appearance by Ezekiel J. Williams on behalf of Kerr–McGee Oil & Gas Onshore LPAttorney Ezekiel J. Williams added to party Kerr–McGee Oil & Gas Onshore LP(pty:dft) (Williams, Ezekiel) (Entered: 03/25/2024) |
| 03/25/2024 | 6 | NOTICE of Entry of Appearance by Carlos R. Romo on behalf of Kerr–McGee Oil & Gas Onshore LPAttorney Carlos R. Romo added to party Kerr–McGee Oil & Gas Onshore LP(pty:dft) (Romo, Carlos) (Entered: 03/25/2024) |
| 03/25/2024 | 7 | NOTICE of Entry of Appearance by Mairead K. Dolan on behalf of Kerr–McGee Oil & Gas Onshore LPAttorney Mairead K. Dolan added to party Kerr–McGee Oil & Gas Onshore LP(pty:dft) (Dolan, Mairead) (Entered: 03/25/2024) |
| 03/25/2024 | 8 | NOTICE of Entry of Appearance by Jacqueline F. Hyatt on behalf of Kerr–McGee Oil & Gas Onshore LPAttorney Jacqueline F. Hyatt added to party Kerr–McGee Oil & Gas Onshore LP(pty:dft) (Hyatt, Jacqueline) (Entered: 03/25/2024) |
| 03/25/2024 | 9 | SUMMONS Returned Executed by All Plaintiffs. Kerr–McGee Oil & Gas Onshore LP served on 3/19/2024, answer due 4/9/2024. (Burrows, Stacy) (Entered: 03/25/2024) |
| 03/25/2024 | 10 | SUMMONS Returned Executed by All Plaintiffs. Noble Energy Inc. served on 3/19/2024, answer due 4/9/2024. (Burrows, Stacy) (Entered: 03/25/2024) |
| 03/25/2024 | 11 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint,, by Defendant Kerr–McGee Oil & Gas Onshore LP. (Attachments: # 1 Exhibit A – Boulter IV Dismissal with Prejudice, # 2 Exhibit B – Boulter IV Tenth Circuit Feb. 14 2024 Order and Judgment, # 3 Exhibit C – Boulter IV Tenth Circuit Docket Sheet, # 4 Proposed Order (PDF Only))(Williams, Ezekiel) (Entered: 03/25/2024) |
| 03/25/2024 | 12 | NOTICE *of Related Case* by Defendant Kerr–McGee Oil & Gas Onshore LP (Williams, Ezekiel) (Entered: 03/25/2024) |
| 03/25/2024 | 13 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Berkshire Hathaway Inc., Corporate Parent Occidental Petroleum Corporation for Kerr–McGee Oil & Gas Onshore LP. (Williams, Ezekiel) (Entered: 03/25/2024) |
| 03/25/2024 | 14 |  |

| | | NOTICE of Entry of Appearance by Anthony N. Kaim on behalf of Kerr–McGee Oil & Gas Onshore LPAttorney Anthony N. Kaim added to party Kerr–McGee Oil & Gas Onshore LP(pty:dft) (Kaim, Anthony) (Entered: 03/25/2024) |
|---|---|---|
| 03/25/2024 | 15 | NOTICE of Entry of Appearance by Barrett H. Reasoner on behalf of Kerr–McGee Oil & Gas Onshore LPAttorney Barrett H. Reasoner added to party Kerr–McGee Oil & Gas Onshore LP(pty:dft) (Reasoner, Barrett) (Entered: 03/25/2024) |
| 03/25/2024 | 16 | NOTICE of Entry of Appearance by Shannon Nicole Smith on behalf of Kerr–McGee Oil & Gas Onshore LPAttorney Shannon Nicole Smith added to party Kerr–McGee Oil & Gas Onshore LP(pty:dft) (Smith, Shannon) (Entered: 03/25/2024) |
| 03/25/2024 | 17 | ORDER granting 11 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint. The deadline for Defendants Kerr–McGee Oil & Gas Onshore, LP and Noble Energy, Inc. to respond to Plaintiffs' Complaint is extended to and until 21 days after the Tenth Circuit issues a mandate on Plaintiffs Petition for Rehearing and Judge Domenico enters an amended judgment dismissing Boulter IV without prejudice. By U.S. District Judge S. Kato Crews on 3/25/2024. Text Only Entry(skcja, ) (Entered: 03/25/2024) |
| 03/25/2024 | 18 | ORDER SETTING SCHEDULING/PLANNING CONFERENCE. Proposed Scheduling Order due **5/22/2024**. Scheduling Conference set for **5/29/2024 at 10:30 AM** in Courtroom C204 before Magistrate Judge Kathryn A. Starnella, by Magistrate Judge Kathryn A. Starnella on 3/25/2024. (Attachments: # 1 Continuation of Main Document, # 2 Continuation of Main Document, # 3 Continuation of Main Document) (dgumb, ) (Entered: 03/26/2024) |
| 03/26/2024 | 19 | NOTICE of Entry of Appearance by James Robert Henderson on behalf of Noble Energy Inc.Attorney James Robert Henderson added to party Noble Energy Inc.(pty:dft) (Henderson, James) (Entered: 03/26/2024) |
| 03/26/2024 | 20 | NOTICE of Entry of Appearance by Jonathan William Rauchway on behalf of Noble Energy Inc.Attorney Jonathan William Rauchway added to party Noble Energy Inc.(pty:dft) (Rauchway, Jonathan) (Entered: 03/26/2024) |
| 03/26/2024 | 21 | NOTICE of Entry of Appearance by Theresa Wardon Benz on behalf of Noble Energy Inc.Attorney Theresa Wardon Benz added to party Noble Energy Inc.(pty:dft) (Benz, Theresa) (Entered: 03/26/2024) |
| 03/26/2024 | 22 | NOTICE of Entry of Appearance by Molly Jane Kokesh on behalf of Noble Energy Inc.Attorney Molly Jane Kokesh added to party Noble Energy Inc.(pty:dft) (Kokesh, Molly) (Entered: 03/26/2024) |
| 03/26/2024 | 23 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Chevron Corporation for Noble Energy Inc.. (Henderson, James) (Entered: 03/26/2024) |
| 03/26/2024 | 24 | NOTICE OF CASE ASSOCIATION by James Robert Henderson on behalf of Noble Energy Inc. (Henderson, James) (Entered: 03/26/2024) |
| 05/02/2024 | 25 | MOTION for Extension of Time to *meet Case Deadlines Pending the Resolution of the Rule 42 Motion in Boulter IV* by Defendant Kerr–McGee Oil & Gas Onshore LP. (Attachments: # 1 Exhibit A – Rule 42 Motion, # 2 Proposed Order (PDF Only))(Williams, Ezekiel) (Entered: 05/02/2024) |
| 05/04/2024 | 26 | MEMORANDUM: re 25 MOTION for Extension of Time to *meet Case Deadlines Pending the Resolution of the Rule 42 Motion in Boulter IV* filed by Kerr–McGee Oil |

| | | & Gas Onshore LP. Motion referred to Magistrate Judge Kathryn A. Starnella. By U.S. District Judge S. Kato Crews on 5/4/2024. Text Only Entry (skcja, ) (Entered: 05/04/2024) |
|---|---|---|
| 05/13/2024 | 27 | NOTICE re 25 MOTION for Extension of Time to *meet Case Deadlines Pending the Resolution of the Rule 42 Motion in Boulter IV – Notice of Withdrawal of Motion* by Defendant Kerr–McGee Oil & Gas Onshore LP (Williams, Ezekiel) (Entered: 05/13/2024) |
| 05/13/2024 | 28 | ORDER Pursuant to the 27 Notice, 25 MOTION for Extension of Time to *meet Case Deadlines Pending the Resolution of the Rule 42 Motion in Boulter IV*, is WITHDRAWN. By U.S. District Judge S. Kato Crews on 5/13/2024. Text Only Entry(skcja, ) (Entered: 05/13/2024) |
| 05/15/2024 | 29 | Unopposed MOTION to Continue *the May 29 Schedule Conference* by Plaintiffs Barclay Farms, LLC, Mike Boulter, Boulter LLC, Ralph Nix Produce, Inc. (Barton, George) (Entered: 05/15/2024) |
| 05/15/2024 | 30 | MEMORANDUM: re 29 Unopposed MOTION to Continue *the May 29 Schedule Conference* filed by Barclay Farms, LLC, Mike Boulter, Ralph Nix Produce, Inc, Boulter LLC. Motion referred to Magistrate Judge Kathryn A. Starnella. By U.S. District Judge S. Kato Crews on 5/15/2024. Text Only Entry (skcja, ) (Entered: 05/15/2024) |
| 05/16/2024 | 31 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 16 May 2024. IT IS HEREBY ORDERED that the Unopposed Motion to Reschedule the Scheduling Conference 29 is GRANTED. The Scheduling Conference set for May 29, 2024, at 10:30 a.m. is **VACATED and RESET to June 11, 2024, at 10:30 a.m.** in Courtroom C–204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. IT IS FURTHER ORDERED that, no later than **June 4, 2024,** the parties shall submit their proposed scheduling order.(cmadr, ) (Entered: 05/17/2024) |
| 05/17/2024 | 32 | Unopposed MOTION to Sever *Claims Against Kerr–McGee Oil & Gas Onshore, LP Into a Separate Civil Action* by Defendant Kerr–McGee Oil & Gas Onshore LP. (Attachments: # 1 Proposed Order (PDF Only))(Williams, Ezekiel) (Entered: 05/17/2024) |
| 05/22/2024 | 33 | ORDER GRANTING DEFENDANT KERR–MCGEE OIL & GAS ONSHORE, LP's UNOPPOSED MOTION TO SEVER CLAIMS AGAINST KERR–MCGEE OIL & GAS ONSHORE, LP INTO A SEPARATE CIVIL ACTION. By U.S. District Judge S. Kato Crews on 05/22/2024.(jrobe, ) (Entered: 05/22/2024) |
| 05/22/2024 | 34 | MINUTE ORDER: In light of the Court's 33 Order on Motion to Sever, the Clerk of Court is respectfully directed to initiate a new case between Plaintiffs and Kerr–McGee Oil & Gas Onshore, LP. In addition, Kerr–McGee Oil & Gas Onshore, LP should be terminated from the present action.<br><br>SO ORDERED by U.S. District Judge S. Kato Crews on 5/22/2024. Text Only Entry (skclc1) (Entered: 05/22/2024) |
| 05/24/2024 | 35 | ORDER Since the claims have now been severed, Plaintiff shall file an amended complaint in this action reflecting only the allegations against the sole Defendant. The amended complaint shall be filed on or before 6/3/2024. By U.S. District Judge S. Kato Crews on 5/24/2024. Text Only Entry (skcja, ) (Entered: 05/24/2024) |

| 05/28/2024 | 36 | PRE–SCHEDULING CONFERENCE ORDER by Magistrate Judge Kathryn A. Starnella on 28 May 2024. (cmadr, ) (Entered: 05/28/2024) |
|---|---|---|
| 05/29/2024 | 37 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond *to Plaintiffs' Complaint* by Defendant Noble Energy Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Rauchway, Jonathan) (Entered: 05/29/2024) |
| 05/29/2024 | 38 | ORDER granting 37 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond *to Plaintiffs' Complaint*. The deadline for Noble to respond to Plaintiffs' Complaint is extended and shall be filed 14 days following the service of Plaintiffs' amended complaint. By U.S. District Judge S. Kato Crews on 5/29/2024. Text Only Entry(skcja, ) (Entered: 05/29/2024) |
| 05/30/2024 | 39 | AMENDED COMPLAINT against All Plaintiffs, filed by Barclay Farms, LLC, Boulter LLC, Mike Boulter, Ralph Nix Produce, Inc. (Attachments: # 1 Exhibit 1 – Order Declining Jurisdiction)(Barton, George) (Entered: 05/30/2024) |
| 06/04/2024 | 40 | MOTION to Stay *Phase Discovery* by Defendant Noble Energy Inc.. (Rauchway, Jonathan) (Entered: 06/04/2024) |
| 06/04/2024 | 41 | MEMORANDUM: re 40 MOTION to Stay *Phase Discovery* filed by Noble Energy Inc. Motion referred to Magistrate Judge Kathryn A. Starnella. By U.S. District Judge S. Kato Crews on 6/4/2024. Text Only Entry (skcja, ) (Entered: 06/04/2024) |
| 06/04/2024 | 42 | Proposed Scheduling Order by Plaintiffs Mike Boulter, Boulter LLC. (Burrows, Stacy) (Entered: 06/04/2024) |
| 06/04/2024 | 43 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiffs Mike Boulter, Boulter LLC All parties do not consent.. (Burrows, Stacy) (Entered: 06/04/2024) |
| 06/07/2024 | 44 | RESPONSE to 40 MOTION to Stay *Phase Discovery* filed by Plaintiffs Mike Boulter, Boulter LLC. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Burrows, Stacy) (Entered: 06/07/2024) |
| 06/10/2024 | 45 | REPLY to Response to 40 MOTION to Stay *Phase Discovery* filed by Defendant Noble Energy Inc.. (Henderson, James) (Entered: 06/10/2024) |
| 06/11/2024 | 46 | MINUTE ENTRY for Scheduling Conference held before Magistrate Judge Kathryn A. Starnella on 6/11/2024.ORDERED: Defendant Noble Energy, Inc.'s Motion to Phase Discovery 40 is GRANTED. Deadline for Limited Discovery on Liability: December 13, 2024. Deadline for Phase I Summary Judgment Motion on Liability to Named Plaintiffs February 14, 2025. FTR: KAS Courtroom C204. (lgale, ) (Entered: 06/11/2024) |
| 06/11/2024 | 47 | SCHEDULING ORDER: by Magistrate Judge Kathryn A. Starnella on 6/11/24. (lgale, ) (Entered: 06/11/2024) |
| 06/13/2024 | 48 | MOTION to Dismiss by Defendant Noble Energy Inc.. (Rauchway, Jonathan) (Entered: 06/13/2024) |
| 06/24/2024 | 49 | Proposed Pretrial Order by Plaintiffs Mike Boulter, Boulter LLC. (Burrows, Stacy) (Entered: 06/24/2024) |
| 07/05/2024 | 50 | RESPONSE to 48 MOTION to Dismiss filed by Plaintiffs Mike Boulter, Boulter LLC. (Attachments: # 1 Exhibit 1 – State Court Order Denying Motion to Dismiss, # 2 Exhibit 2 – State Court Order Denying Motion to Dismiss, # 3 Exhibit 3 – State Court Order Denying Motion to Dismiss, # 4 Exhibit 4 – State Court Order Denying |

| | | Motion to Dismiss, # 5 Exhibit 5 – Noble's Responses to Plaintiffs First Set of Discovery Requests)(Burrows, Stacy) (Entered: 07/05/2024) |
|---|---|---|
| 07/10/2024 | 51 | Unopposed MOTION for Extension of Time to File Response/Reply as to 48 MOTION to Dismiss by Defendant Noble Energy Inc.. (Benz, Theresa) (Entered: 07/10/2024) |
| 07/14/2024 | 52 | ORDER granting 51 Unopposed MOTION for Extension of Time to File Response/Reply as to 48 MOTION to Dismiss. Defendant shall file a reply to its motion to dismiss on or before August 2, 2024. By U.S. District Judge S. Kato Crews on 7/14/2024. Text Only Entry(skcja, ) (Entered: 07/14/2024) |
| 08/02/2024 | 53 | REPLY to Response to 48 MOTION to Dismiss filed by Defendant Noble Energy Inc.. (Henderson, James) (Entered: 08/02/2024) |
| 08/15/2024 | 54 | Joint MOTION for Protective Order by Defendant Noble Energy Inc.. (Attachments: # 1 [Proposed] Stipulated Protective Order and Declaration)(Henderson, James) (Entered: 08/15/2024) |
| 08/15/2024 | 55 | MEMORANDUM: re 54 Joint MOTION for Protective Order filed by Noble Energy Inc. Motion referred to Magistrate Judge Kathryn A. Starnella. By Judge S. Kato Crews on 8/15/2024. Text Only Entry (skcja, ) (Entered: 08/15/2024) |
| 09/03/2024 | 56 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 3 September 2024. IT IS HEREBY ORDERED that the Motion 54 is GRANTED. The Protective Order [#54−1] supplied by the parties is accepted, with the Court's modifications, and entered as an Order of the Court as of the date of this Minute Order.(cmadr, ) (Entered: 09/03/2024) |
| 09/03/2024 | 57 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Kathryn A. Starnella on 3 September 2024. (cmadr, ) (Entered: 09/03/2024) |
| 10/02/2024 | 58 | MOTION for Extension of Time to by Plaintiffs Mike Boulter, Boulter LLC. (Attachments: # 1 Exhibit Ex. 1 – Email chain, # 2 Exhibit Ex. 2 – Discovery Cover letter)(Burrows, Stacy) (Entered: 10/02/2024) |
| 10/03/2024 | 59 | MEMORANDUM: re 58 MOTION for Extension of Time to filed by Mike Boulter, Boulter LLC. Motion referred to Magistrate Judge Kathryn A. Starnella. By Judge S. Kato Crews on 10/3/2024. Text Only Entry (skcja, ) (Entered: 10/03/2024) |
| 10/03/2024 | 60 | MINUTE ORDER. This matter is before the Court on Plaintiffs Motion for Leave to Amend the Courts Scheduling Order (ECF No. 47) to Extend Certain Deadlines [#58]. After conferral with counsel, a Motion Hearing is set for October 3, 2024, at 12:00 p.m. in Courtroom C−204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Counsel for both sides shall call the Court at 571−353−2301, Access Code: 334545142# from land lines (if possible) at the time of the Motion Hearing. by Magistrate Judge Kathryn A. Starnella on 10/3/2024. Text Only Entry (kaslc2, ) (Entered: 10/03/2024) |
| 10/03/2024 | 61 | MINUTE ENTRY for Telephonic Motion Hearing held before Magistrate Judge Kathryn A. Starnella on 10/3/2024. ORDERED: Plaintiffs' Motion for Leave to Amend the Court's Scheduling Order (ECF No. 47) to Extend Certain Deadlines 58 is GRANTED. Discovery due by 2/13/2025. Dispositive Motions due by 3/14/2025. FTR: KAS Courtroom C204. (lgale, ) (Entered: 10/04/2024) |
| 12/18/2024 | 62 | |

9

| | | NOTICE of Change of Address/Contact Information by Jonathan William Rauchway (Rauchway, Jonathan) (Entered: 12/18/2024) |
|---|---|---|
| 01/02/2025 | 63 | Joint MOTION to Amend/Correct/Modify 47 Scheduling Order *to Allow for Additional Time to Conduct Discovery and File Dispositive Motions* by Plaintiff Barclay Farms, LLC. (Burrows, Stacy) (Entered: 01/02/2025) |
| 01/02/2025 | 64 | MEMORANDUM: re 63 Joint MOTION to Amend/Correct/Modify 47 Scheduling Order *to Allow for Additional Time to Conduct Discovery and File Dispositive Motions* filed by Barclay Farms, LLC. Motion referred to Magistrate Judge Kathryn A. Starnella. By Judge S. Kato Crews on 1/2/2025. Text Only Entry (skcja, ) (Entered: 01/02/2025) |
| 01/02/2025 | 65 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 2 January 2025. IT IS HEREBY ORDERED that the Joint Motion to Amend the Court's Scheduling Order to Allow for Additional Time to Conduct Discovery and File Dispositive Motions 63 is GRANTED. The discovery cut−off is extended to April 14, 2025. The dispositive motions deadline is extended to May 13, 2025.(cmadr, ) (Entered: 01/02/2025) |
| 04/03/2025 | 66 | ORDER: For the reasons stated herein, the Court DENIES the 48 Motion to Dismiss.<br><br>SO ORDERED by Judge S. Kato Crews on 4/3/2025.(skclc1) (Entered: 04/03/2025) |
| 04/17/2025 | 67 | ANSWER to 39 Amended Complaint by Defendant Noble Energy Inc.. (Rauchway, Jonathan) Modified on 4/17/2025 to edit title per attorney phone call(dgumb, ). (Entered: 04/17/2025) |
| 04/28/2025 | 68 | Joint STATUS REPORT by Plaintiffs Mike Boulter, Boulter LLC, Ralph Nix Produce, Inc, Barclay Farms, LLC. (Barton, George) (Entered: 04/28/2025) |
| 05/12/2025 | 69 | NOTICE of Entry of Appearance by Alexandre Barbour on behalf of All Plaintiffs Attorney Alexandre Barbour added to party Mike Boulter(pty:pla), Attorney Alexandre Barbour added to party Boulter LLC(pty:pla) (Barbour, Alexandre) (Entered: 05/12/2025) |
| 05/13/2025 | 71 | MOTION for Leave to *File Rule 702 Motions* by Plaintiff Mike Boulter. (Attachments: # 1 Exhibit Motion to Exclude Expert Testimony of Bruce Kramer, # 2 Exhibit Motion to Exclude Expert Testimony of Stephen Becker)(Burrows, Stacy) (Entered: 05/13/2025) |
| 05/13/2025 | 72 | MOTION for Partial Summary Judgment *Regarding Oil Claims* by Plaintiffs Mike Boulter, Boulter LLC. (Attachments: # 1 Exhibit Statement of Undisputed Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9 (filed as Lvl. 1 restricted), # 11 Exhibit 10 (filed as Lvl. 1 restricted), # 12 Exhibit 11, # 13 Exhibit 12 (filed as Lvl. 1 restricted), # 14 Exhibit 13 (filed as Lvl. 1 restricted), # 15 Exhibit 14, # 16 Exhibit 15 (filed as Lvl. 1 restricted), # 17 Affidavit Declaration of Stacy Burrows)(Burrows, Stacy) (Entered: 05/13/2025) |
| 05/13/2025 | 73 | MOTION for Summary Judgment by Defendant Noble Energy Inc.. (Attachments: # 1 Statement of Undisputed Facts, # 2 Declaration of Carl Bakke ISO MSJ, # 3 Declaration of James Henderson ISO MSJ, # 4 Ex. A – May 23, 1980 Deed, # 5 Ex. B – January 23, 1981 Deed, # 6 Ex. C – September 1, 1981 Deed, # 7 Ex. D – Expert Report of Bruce Kramer, # 8 Ex. E – Expert Report of David Posner, # 9 Ex. F – Rebuttal Report of Bruce Kramer, # 10 Ex. G – 2009 Noble Memorandum to Royalty |

| | | |
|---|---|---|
| | | Owners, # 11 Ex. H – Michael Boulter Deposition Transcript, # 12 Ex. I – David Boulter Day 1 Deposition Transcript, # 13 Ex. J – Plaintiffs' Discovery Responses, # 14 Ex. K – Ace Royalties Motion to Amend Complaint, # 15 Ex. L – Ace Royalties Stipulated Dismissal, # 16 Ex. M – Mike Boulter Division Orders (filed under seal), # 17 Ex. N – Boulter LLC Division Orders (filed under seal), # 18 Ex. O – 2016 Noble Memorandum to Royalty Owners, # 19 Ex. P – Michael Boulter Revenue Statement, # 20 Ex. Q – Boulter LLC Revenue Statement, # 21 Ex. R – David Boulter Day 2 Deposition Transcript, # 22 Ex. S – Phyllis Bourque Deposition Excerpts (filed under seal), # 23 Ex. T – Phyllis Bourque Expert Report (filed under seal))(Henderson, James) (Entered: 05/13/2025) |
| 05/13/2025 | 74 | Unopposed MOTION for Leave to Restrict by Plaintiffs Mike Boulter, Boulter LLC. (Burrows, Stacy) (Entered: 05/13/2025) |
| 05/13/2025 | 75 | RESTRICTED DOCUMENT – Level 1: *(Exhibits 9, 10, 12, 13, and 15)* re: ECF 72 by Plaintiffs Mike Boulter, Boulter LLC.. (Attachments: # 1 Exhibit 9, # 2 Exhibit 10, # 3 Exhibit 12, # 4 Exhibit 13, # 5 Exhibit 15)(Burrows, Stacy) Modified by Clerk on 5/14/2025 to add linkage (amona,). (Entered: 05/13/2025) |
| 05/14/2025 | 76 | ORDER On May 13, 2025, Noble Energy filed 70 *Motion for Summary Judgment* and attachments under restriction. The document was not accompanied by a motion to restrict, and no motion to restrict has been filed since. The Local Rules provide that "[i]f a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection." D.C.COLO.LCivR 7.2(e). It is ORDERED that an appropriate motion to restrict be filed no later than May 27, 2025. By Judge S. Kato Crews on 5/14/2025. Text Only Entry (skcja, ) (Entered: 05/14/2025) |
| 05/14/2025 | 77 | MEMORANDUM: re 74 Unopposed MOTION for Leave to Restrict filed by Mike Boulter, Boulter LLC. Motion referred to Magistrate Judge Kathryn A. Starnella. By Judge S. Kato Crews on 5/14/2025. Text Only Entry (skcja, ) (Entered: 05/14/2025) |
| 05/14/2025 | 78 | Unopposed MOTION for Leave to Restrict by Defendant Noble Energy Inc.. (Attachments: # 1 Proposed Order (PDF Only) Order Granting Noble Energy Inc.'s Unopposed Motion to Restrict Public Access to Certain Documents Related to Motion for Summary Judgment)(Henderson, James) (Entered: 05/14/2025) |
| 05/14/2025 | 79 | MEMORANDUM: re 78 Unopposed MOTION for Leave to Restrict filed by Noble Energy Inc. Motion referred to Magistrate Judge Kathryn A. Starnella. By Judge S. Kato Crews on 5/14/2025. Text Only Entry (skcja, ) (Entered: 05/14/2025) |
| 05/15/2025 | 80 | MINUTE ORDER re: 71 MOTION for Leave to *File Rule 702 Motions* filed by Mike Boulter. Defendant shall file a response to this Motion, if any, on or before 5/22/2025. By Judge S. Kato Crews on 5/15/2025. Text Only Entry (skclc1) (Entered: 05/15/2025) |
| 05/22/2025 | 81 | RESPONSE to 71 MOTION for Leave to *File Rule 702 Motions* filed by Defendant Noble Energy Inc.. (Rauchway, Jonathan) (Entered: 05/22/2025) |
| 05/23/2025 | 82 | ORDER re 71 Motion for Leave. The Court has reviewed the Motion and the Response and agrees with Defendant that Plaintiffs have failed to establish good cause or excusable neglect. From the outset of this case, the Parties were ordered to familiarize themselves with the Court's Practice Standards, which includes deadlines for expert witness motions. Dkt. 3. It is no justification that the 702 Motion Deadline |

was not included in the Scheduling Order or overlooked by Counsel. Furthermore, Defendant is correct in noting that requests for extensions of time filed after the deadline has lapsed must address both excusable neglect AND good cause. Plaintiffs have not at all addressed whether there is good cause for the extension of time. Thus, the request could be denied on this basis alone.

The Court also concludes that despite Plaintiffs' bald representations to the contrary, the Defendant and the Court would be prejudiced by this late filing. Defendant has already submitted a motion for summary judgment in which it relied on three of its experts. To grant Plaintiffs' request would necessarily require this Court to turn the TWO 702 Motions now, instead of addressing those motions in other cases that were timely filed, in order to determine whether the experts must be stricken. This, in turn, could require Defendant to redraft its motion for summary judgment and spend additional time and money on matters it had considered settled. This will not do. The deadline for 702 Motions has been clear from the start of this case, and the Court will not allow Plaintiffs' inadvertence to prejudice Defendant, the Court, or parties in other cases. The Motion is DENIED.

SO ORDERED by Judge S. Kato Crews on 5/23/2025. Text Only Entry (skclc1) (Entered: 05/23/2025)

| | | |
|---|---|---|
| 05/29/2025 | 83 | Joint MOTION for Extension of Time to File Response/Reply as to 72 MOTION for Partial Summary Judgment *Regarding Oil Claims*, 70 MOTION for Summary Judgment by Defendant Noble Energy Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Henderson, James) (Entered: 05/29/2025) |
| 05/29/2025 | 84 | ORDER granting 83 Motion for Extension of Time to File Response/Reply. The Parties may have to and including June 10, 2025, to file their respective Responses to the pending Motions for Summary Judgment. By Judge S. Kato Crews on 5/29/2025. Text Only Entry (skclc1) (Entered: 05/29/2025) |
| 06/05/2025 | 85 | MINUTE ORDER by Magistrate Judge Kathryn A. Starnella on 5 June 2025. IT IS HEREBY ORDERED that the Unopposed Motion for Leave to File Certain Exhibits as Level 1 Restricted Access 74 and Defendants Unopposed Motion to Restrict Public Access to Certain Documents Related to Motion for Summary Judgment 78 are GRANTED.(cmadr, ) (Entered: 06/06/2025) |
| 06/10/2025 | 86 | RESPONSE to 72 MOTION for Partial Summary Judgment *Regarding Oil Claims* filed by Defendant Noble Energy Inc.. (Attachments: # 1 Attachment 1, # 2 Declaration of James Henderson, # 3 Declaration of Carl Bakke, # 4 Exhibit A – placeholder, # 5 Exhibit B – placeholder, # 6 Exhibit C – placeholder, # 7 Exhibit D – placeholder, # 8 Exhibit E– placeholder)(Henderson, James) (Entered: 06/10/2025) |
| 06/10/2025 | 87 | RESTRICTED DOCUMENT – Level 1: *Exhibits to 86 Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment* by Defendant Noble Energy Inc... (Attachments: # 1 Exhibit A – Trimac Transportation Agreement, # 2 Exhibit B – TPG Transport Agreement, # 3 Exhibit C – Becker Rebuttal Report, # 4 Exhibit D – Stephen Becker Expert Report, # 5 Exhibit E – Phyllis Bourque Deposition (Excerpted))(Henderson, James) Modified on 6/11/2025 to add linkage (amona,). (Entered: 06/10/2025) |
| 06/10/2025 | 88 | RESPONSE to 73 MOTION for Summary Judgment Attorney Stacy Ann Burrows added to party Ralph Nix Produce, Inc(pty:pla) filed by Plaintiffs Mike Boulter, Boulter LLC, Ralph Nix Produce, Inc, Barclay Farms, LLC. (Attachments: # 1 |

| | | Exhibit Plaintiffs' Responsive Statement of Undisputed Material Facts, # 2 Exhibit 1 – David Boulter Declaration, # 3 Exhibit 2 – Michael Boulter Declaration)(Burrows, Stacy) (Entered: 06/10/2025) |
|---|---|---|
| 06/10/2025 | 89 | Unopposed MOTION for Leave to Restrict by Defendant Noble Energy Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Rauchway, Jonathan) (Entered: 06/10/2025) |
| 06/11/2025 | 90 | MEMORANDUM: re 89 Unopposed MOTION for Leave to Restrict filed by Noble Energy Inc. Motion referred to Magistrate Judge Kathryn A. Starnella. By Judge S. Kato Crews on 6/11/2025. Text Only Entry (skcja, ) (Entered: 06/11/2025) |
| 06/24/2025 | 91 | REPLY In Support to 73 MOTION for Summary Judgment filed by Defendant Noble Energy Inc.. (Attachments: # 1 Statement of Undisputed Facts, # 2 Declaration of Carl Bakke ISO MSJ, # 3 Exhibit A – Placeholder)(Henderson, James) Modified on 6/25/2025 to edit title per attorney phone call. (sphil, ). (Entered: 06/24/2025) |
| 06/24/2025 | 92 | RESTRICTED DOCUMENT – Level 1: *Exhibit A to 91 Defendant's Reply in Support of Its Motion for Summary Judgment* by Defendant Noble Energy Inc... (Attachments: # 1 Mike Boulter Division Order December 2008)(Henderson, James) Modified on 6/25/2025 to add linkage.(sphil, ). (Entered: 06/24/2025) |
| 06/24/2025 | 93 | Unopposed MOTION for Leave to Restrict by Plaintiffs Mike Boulter, Boulter LLC. (Burrows, Stacy) (Entered: 06/24/2025) |
| 06/24/2025 | 94 | REPLY to Response to 72 MOTION for Partial Summary Judgment *Regarding Oil Claims* filed by Plaintiffs Mike Boulter, Boulter LLC. (Attachments: # 1 Plaintiffs Reply Statement of Undisputed Facts, # 2 Exhibit 17 – Placeholder)(Burrows, Stacy) (Entered: 06/24/2025) |
| 06/24/2025 | 95 | RESTRICTED DOCUMENT – Level 1 re: 94 Reply by Plaintiffs Mike Boulter, Boulter LLC.. (Attachments: # 1 Exhibit 17 – Rebuttal Expert Report of Phyllis Bourque)(Burrows, Stacy) Modified to add linkage on 6/30/2025 (jrobe, ). (Entered: 06/24/2025) |
| 06/24/2025 | 96 | MEMORANDUM: re 93 Unopposed MOTION for Leave to Restrict filed by Mike Boulter, Boulter LLC. Motion referred to Magistrate Judge Kathryn A. Starnella. By Judge S. Kato Crews on 6/24/2025. Text Only Entry (skcja, ) (Entered: 06/24/2025) |
| 06/25/2025 | 97 | Unopposed MOTION for Leave to Restrict by Defendant Noble Energy Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Henderson, James) (Entered: 06/25/2025) |
| 06/25/2025 | 98 | ORDER REFERRING MOTION(S): 97 Unopposed MOTION for Leave to Restrict filed by Noble Energy Inc. Motion referred to Magistrate Judge Kathryn A. Starnella by Judge S. Kato Crews on 6/25/2025. Text Only Entry (skclc1) (Entered: 06/25/2025) |
| 07/01/2025 | 99 | Unopposed MOTION for Hearing/Conference re 72 MOTION for Partial Summary Judgment *Regarding Oil Claims*, 73 MOTION for Summary Judgment by Defendant Noble Energy Inc.. (Attachments: # 1 Proposed Order (PDF Only))(Rauchway, Jonathan) (Entered: 07/01/2025) |
| 08/04/2025 | 100 | MINUTE ORDER by Magistrate Judge Kathryn A. Starnella on 4 August 2025. IT IS HEREBY ORDERED that the Motion 89 is GRANTED.IT IS FURTHER ORDERED that the Clerk of the Court is directed to maintain the following |

| | | documents UNDER RESTRICTION at LEVEL 1:1 Exhibit A Trimac Transportation Agreement [#87–1], Exhibit B – TPG Transport Agreement [#87–2], Exhibit C – Becker Rebuttal Report [#87–3], Exhibit D – Stephen Becker Expert Report [#87–4], and Exhibit E – Phyllis Bourque Deposition [#87–5].(cmadr, ) (Entered: 08/04/2025) |
|---|---|---|
| 08/04/2025 | 101 | MINUTE ORDER by Magistrate Judge Kathryn A. Starnella on 4 August 2025. IT IS HEREBY ORDERED that the Motions [# 93 , 97 ] are GRANTED. IT IS FURTHER ORDERED that the Clerk of the Court is directed to maintain the following documents UNDER RESTRICTION at LEVEL 1:1 Exhibit 17 Rebuttal Expert Report of Phyllis Bourque [#95–1] and Exhibit 3 – Mike Boulter Division Order December 2008 [#92–1].(cmadr, ) (Entered: 08/04/2025) |
| 08/29/2025 | 102 | NOTICE of Supplemental Authorities re: 72 MOTION for Partial Summary Judgment *Regarding Oil Claims*, 70 MOTION for Summary Judgment by Plaintiffs Mike Boulter, Boulter LLC, Ralph Nix Produce, Inc, Barclay Farms, LLC (Attachments: # 1 Exhibit 1 – Supplemental Authority)(Burrows, Stacy) (Entered: 08/29/2025) |
| 01/30/2026 | 103 | For the reasons stated in this ORDER, the Court GRANTS Defendant Noble Energy, Inc.'s Motion for Summary Judgment ( 70 , 73 ) and DENIES Mike Boulter and Boulter, LLC's Partial Motion for Summary Judgment ( 72 ). The parties' request for oral argument ( 99 ) is MOOT. By Judge S. Kato Crews on 1/30/2026.(skclc1) (Entered: 01/30/2026) |
| 02/02/2026 | 104 | FINAL JUDGMENT pursuant to 103 Order on Motion for Summary Judgment. Enter by the Clerk of the Court on 2/2/2026. (cpear) (Entered: 02/02/2026) |
| 02/06/2026 | 105 | NOTICE OF APPEAL as to 103 Order on Motion for Summary Judgment,, Order on Motion for Partial Summary Judgment,,,, Order on Motion for Hearing/Conference, 104 Judgment *Notice of Appeal* by Plaintiffs Mike Boulter, Boulter LLC (Filing fee $ 605, Receipt Number ACODC–10807231) (Barton, George) (Entered: 02/06/2026) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00710-SKC-KAS

MIKE BOULTER, and
BOULTER, LLC,

     Plaintiffs,

V.

NOBLE ENERGY INC.,

     Defendant.

---

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT (DKTS. 72 & 73)

---

This case arises from Defendant Noble Energy, Inc.'s purported breach of three separate oil and gas leases between it and Plaintiffs Mike Boulter and Boulter, LLC (collectively "Boulters"). Dkt. 39, ¶¶15-17. According to Plaintiffs, Noble has improperly deducted post-production costs from the royalties owed to them and other landowners pursuant to the leases. *Id*. Plaintiffs filed this case as a supposed class action, on behalf of themselves and the Class, and they assert a claim for breach of contract for alleged underpayment of those royalties.[1] *Id*. at ¶¶30-33. They seek a

---

[1] This case was bifurcated, with class certification issues pursuant to Fed. R. Civ. P. 23(c) to be determined following a determination on the merits.

1

declaratory judgment as well as monetary damages for themselves and the Class. *Id*. at ¶¶34-36.

This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) the Class contains at least one Class member who is a citizen of a state different from the states where Noble is deemed to be a citizen; and (c) the amount in controversy for the claims of the proposed Class members against Noble exceeds the sum of $5,000,000, exclusive of interest and costs. And Plaintiffs have exhausted their administrative remedies pursuant to the Oil and Gas Conservation Act, Colo. Rev. Stat. §§ 34-60-101, *et seq*.

Before the Court are the parties' respective motions seeking either full or partial summary judgment. Noble has filed a Motion for Summary Judgment seeking judgment in its favor on all claims for relief asserted by Plaintiffs. Dkt. 73. Plaintiffs have filed a Motion for Partial Summary Judgment seeking a finding that Noble is liable for breaching its royalty payment obligations. Dkt. 72. Both motions are fully briefed. *See* Dkts. 86 (Noble's Response), 88 (Plaintiffs' Response), 91 (Noble's Reply), 94 (Plaintiffs' Reply).

The Court has carefully considered the parties' motions and respective briefing, their exhibit attachments, pertinent matters from the Court's own docket, and applicable law and legal authorities. Although the parties requested oral argument (Dkt. 99), the Court concludes no hearing is necessary. Because, when

2

16

considering the undisputed material facts, no reasonable jury could conclude Defendants breached the insurance contract, Defendants' motion is GRANTED and Plaintiffs' motion is DENIED.

## STANDARD OF REVIEW

The purpose of summary judgment is to assess whether a trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the "responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, then the nonmoving party must identify material facts showing there is a genuine dispute for trial. *Id.* at 324. A fact is "material" if it has the potential to affect the outcome of a dispute under applicable law. *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995). An issue is "genuine" if a rational trier of fact could find for the nonmoving party on the evidence presented. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). In performing this analysis, the factual record and any reasonable inferences from it are construed in the light most favorable to the nonmoving party. *Id.*

When, as here, the Court is faced with cross-motions for summary judgment, the "filing of cross motions does not mean that the material facts are undisputed even

3

if the parties focus on the same claim or defense." *In re Ribozyme Pharm., Inc. Secs. Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002). And denying one does not automatically require granting the other. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1147 (10th Cir. 2002) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)). While the Court has individually reviewed the motions, because the parties' arguments are consistent across the various papers—either in their own favor, or against the opposing party—the Court addresses them in the same order.

## UNDISPUTED MATERIAL FACTS

Under Fed. R. Civ. P. 56(c), when parties assert that a fact is genuinely disputed, they must support the assertion with citations to specific parts of the record. When they fail to, the Court may consider the fact undisputed for purposes of deciding the motion. Fed. R. Civ. P. 56(e)(2). Based on the Court's review of the parties' respective submissions, the Court accepts the following facts, which are appropriately supported with competent evidence and record citations, as undisputed:

In 1980 and 1981, Boulters' predecessor-in-interest, Frank Boulter, entered three oil and gas leases with Energy Oil, Inc., Noble's predecessor-in-interest. *See* Noble's Statement of Undisputed Material Fact ("NSUMF") Dkt. 91-1, ¶¶1-3. Each of the leases has an identical royalty provision which obligates Noble to give Plaintiffs a portion of the oil extracted from Plaintiffs' land. In the alternative, Noble may pay

4

Plaintiffs the value of the oil. *Id*. ¶5. To date, Noble has paid Boulters for the royalty rather than provide them with a share of the oil produced. *Id*. at ¶¶17, 18.

The leases also allow Noble, as the lessee, to access Boulters' land for the purposes of "mining and operating for oil and gas, and laying pipe lines [sic], and building tanks, power stations and structures thereon to produce, save and take care of said products." *Id*. at ¶6. The leases also provide that "[w]hen requested by [Boulters], [Noble] shall bury its pipe lines [sic] below plow depth." *Id*. at ¶7.

When oil is extracted from a wellhead it may be kept in storage or "stock" tanks on leased land. *Id*. at ¶8. But oil can also be "run" into the pipeline. *Id*. at ¶9. "Run" is a term of art defined as "a transfer of crude oil from the stock tanks, where it is stored on the leased premises after production, to a pipe line [sic]." *Id*.[2] The various types of pipelines include "lead lines, from pumping well to a storage tank; flow lines, from flowing well [sic] to a storage tank; lease lines, extending from the wells to lease tanks; gathering lines, extending from lease tanks to a central accumulation point;

---

[2] Plaintiffs dispute that this is the sole interpretation of the term "run." Doc. 91-1, ¶9. They argue that the terms of the royalty provision must be interpreted within the context of the contract as a whole. But that is a basic rule of contract interpretation and does not create a dispute as to Noble's proffered definition of "run," which, is apparently found in a dictionary of terms widely used in the oil and gas industry. *See* Dkt. 73-7, ¶22 (citing Williams & Meyers Manual of Oil and Gas Terms (18th ed. 2021)). Plaintiffs have not offered any alternative interpretation of the term, and therefore, the Court accepts Noble's definition. Furthermore, Noble's definition of "run" fits easily within the common understanding of the word. *See* RUN, "to flow rapidly or under pressure; to cause to produce a flow (as of water)," Merriam-Webster, https://www.merriam-webster.com/dictionary/run (last visited January 23, 2026).

feeder lines, extending from leases to trunk lines; and trunk lines, extending from a producing area to refineries or terminals." *Id.* at ¶10.

Until 2009, most oil produced from the Wattenberg Field[3]—where Plaintiffs' properties are located—was sold to trucks servicing the local market, which was predominantly the refinery in Commerce City, Colorado. *Id.* at ¶11. In 2009, a new interstate pipeline was constructed to transfer oil from the DJ Basin to a refinery in Cushing, Oklahoma. *Id.* at ¶12. The new pipeline allowed oil and gas producers to increase their production. *Id.* at ¶13.

According to an August 2009 Memorandum that Noble sent to all royalty owners, with the opening of the new interstate pipeline Noble would now be selling oil both locally and in Cushing. *Id.* at ¶26; *see also* Dkt. 73-10. It stated it would be paying royalties based on the weighted average sales price ("WASP"), which is calculated by tallying the total amount received from Cushing sales and local sales divided by the total number of barrels sold. NSUMF, ¶38; *see also* Dkt. 73-10. The memo also informed owners that Noble would incur transportation costs associated

---

[3] The Wattenberg Field is a supergiant oil and gas field located in the synclinal part of the Denver-Julesberg Basin (DJ Basin). The DJ Basin is, in turn, a major oil and gas producing area extending from Colorado into Nebraska, Wyoming, and Kansas. *See* Greater Wattenberg Area, Colorado June 2007, https://ecmc.state.co.us/documents/library/AreaReports/DenverBasin/GWA/Greater_ Wattenberg_Baseline_Study_Report_062007.pdf (last visited January 20, 2026) *and* Higley, D.K., Cox, D.O., Oil and gas exploration and development along the front range in the Denver Basin of Colorado, Nebraska, and Wyoming (2007), https://pubs.usgs.gov/dds/dds-069/dds-069-p/REPORTS/69_P_CH_2.pdf (last visited January 20, 2026).

6

with moving the oil to the interstate pipeline ("post-production costs"), and that it would deduct a proportionate share of those post-production costs from the Wattenberg royalty owners' payments ("netback method"). NSUMF, ¶27; Dkt. 73-10. These deductions are the source of the dispute in this matter.

Plaintiffs filed this case on March 14, 2024.[4] Dkt. 1. After a period of discovery, the parties filed their respective requests for judgment in their favor. Dkts. 72, 73.[5]

## ANALYSIS

According to Boulters, the leases prohibit Noble from deducting any post-production costs from the royalty payments. Alternatively, Boulters contend the leases are silent as to the allocation of post-production costs, and therefore, the Court must apply Colorado's implied covenant to market. The implied covenant would require Noble to absorb the post-production costs. Dkt. 39. Noble contends the leases

---

[4] Plaintiff originally asserted claims against Noble and Kerr-McGee Oil & Gas Onshore LP. Dkt. 1. Because Plaintiffs' claims against Kerr-McGee were wholly separate—albeit similar—from those against Noble, the Court severed the Kerr-McGee claims. Dkt. 33. *See Boulter v. Kerr-McGee Oil & Gas Onshore, LP*, 24-cv-01459-SKC-KAS (2024).

[5] Docket # 73 is the unredacted version of Noble's Motion. The redacted materials are found at Docket # 70. The Court cites to the materials available to the public (Dkt. 73) because no redacted materials were ultimately necessary to the Court's determination of these matters.

7

are not silent as to costs and instead specifically contemplate an allocation of post-production costs between the parties.[6] Dkt. 73.

Under Colorado law, oil and gas leases are contracts that must be analyzed "applying the fundamentals of contract law to the special context of an oil and gas, lessor-lessee agreement." *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Crestone Peak Res. Operating LLC*, 538 P.3d 745, 750 (Colo. 2023) (citing *Davis v. Cramer*, 808 P.2d 358, 359 (Colo. 1991)). The Court's duty when interpreting a contract is to determine and effectuate the parties' intent and reasonable expectations at the time the contract was made. *Id.* (citing *KN Energy, Inc. v. Great W. Sugar Co.*, 698 P.2d 769, 779 (Colo. 1985)). It does so by first looking at the plain language of the contract, and so long as it is unambiguous and would not result in an absurdity, the Court "give[s] effect to the contract as written." *Lake Durango Water Co. v. Pub. Utils. Comm'n*, 67 P.3d 12, 20 (Colo. 2003). "The intention of the parties must appear expressly or by clear implication." *Id.* In this case, the Court finds the plain language of the leases clearly permits Noble to make the post-production deductions.

The royalty provision states in full that as consideration for access to Boulters' land, Noble agrees:

> To deliver to the credit of the lessor, *free of cost, in the pipe line to which the lessee may connect his wells, the equal [a specified percentage] part of all oil produced and saved from the leased premises, as royalty* or, at

---

[6] As an alternative basis for judgment in its favor, Noble contends Plaintiffs' claims are barred by laches. Dkt. 73, pp.15-21. Because the Court makes a ruling on the merits of Plaintiffs' claims, it need to address the applicability of laches.

8

> lessee's election, to pay the lessor for such royalty the market price prevailing the day the oil is run into the pipe line, or in storage tanks.

NSUMF at ¶5; Dkt. 73-4 (Oil and Gas Lease) (emphasis added). While the parties' arguments primarily focus on the definition of "pipeline" and "free of cost," the Court instead begins with a different related inquiry: what is the royalty?  Distilled down to its most basic, the royalty is oil by the plain terms of the leases. Dkt. 73-4.

Naturally, the next question must be: what oil? The answer to this also lies in the plain language of the leases. It is a percentage of "all oil produced and saved from the leased premises." *Id.* More specifically, the provision states that it is the oil "in the pipe line [sic] *to which the lessee may connect his wells.*" *Id.* (emphasis added). This language plainly contemplates a location on Plaintiffs' property. *See Blasi v. Bruin E&P Partners, LLC*, 959 N.W.2d 872, 877 (N.D. 2021) (in a similar royalty provision, the meaning of "pipeline" is based upon the pipeline's proximity to the lessee's wells).

Plaintiffs attempt to distinguish *Blasi* on the grounds that the royalty provision in that case required the lessee to provide a part of the oil "in the pipeline to which Lessee may connect wells *on said land.*" *Blasi*, 959 N.W.2d 876-78. Plaintiffs emphasize that the royalty provisions here do not specifically state "on said land." Dkt. 88, p.8. The Court is not persuaded that this distinction makes a difference because the royalty provisions in this case nevertheless require delivery of oil in the pipeline to which Noble may attach its wells. Dkt. 73-4. Those contemplated wells must necessarily be located on Boulters' property because those are the only wells

9

23

from which Boulters could reasonably expect royalties of any sort. Indeed, it would be illogical to interpret this clause of the royalty provision to contemplate oil at a location anywhere other than Plaintiffs' property.

With that answer in hand, the Court turns to the next question: how is the oil to be delivered to Boulters? All parties agree that the answer is "free of cost," and it is undisputed that Noble does not charge any costs to Boulters related to the extraction of the oil. NSUMF, ¶40; Dkt. 73-4. Thus, the royalty to which Plaintiffs are entitled under the leases is cost-free oil in the pipelines—on Plaintiffs property— to which Noble may attach its wells.

Having defined the royalty, the Court turns to the dispute in this case. The royalty provision states that where, as here, Noble decides not to provide Boulters with the royalty in-kind, it must then pay Boulters "the market price prevailing the day the oil is run into the pipe line [sic], or in storage tanks" (market price option). Dkt. 73-4. Noble contends that, under the market price option, the valuation point of the oil is on Plaintiffs' property at the point where it connects its flow lines or gathering pipelines to its wells—the same location it would provide in-kind delivery of oil. *See* Dkt. 91, p.6. Boulters argue that the valuation point for the royalty oil is when the oil is run into the interstate pipeline that transports oil from Wattenberg to Cushing, Oklahoma. Dkt. 88, pp.9-10. The Court disagrees with Plaintiffs' interpretation for several reasons.

10

24

First, Plaintiffs' interpretation is not supported by the language of the leases. Rather, all other references in the leases to "pipe lines" contemplate those pipelines installed on Plaintiffs' property. *See* NSUMF, ¶¶6, 7. There is nothing in the language of the leases to suggest that "the pipe line" is meant to refer to an interstate pipeline. *Ctr. for Wound Healing & Hyperbaric Med., LLC of Burlington Colorado v. Kit Carson Cnty. Health Serv. Dist.*, 549 P.3d 1018, 1026, *reh'g denied* (Mar. 28, 2024) ("When a contract uses the same term multiple times, we ascribe that term the same meaning."); *see, e.g., Freedom Newspapers, Inc. v. Tollefson*, 961 P.2d 1150, 1153 (Colo. App. 1998) (rule of consistent usage requires that, when the same words are used in different parts of a statute, then those words are ascribed the same meaning). Indeed, while the plain language alone supports its conclusion, the Court observes that the interstate pipeline was not in existence at the time the original parties negotiated and entered these leases. Thus, the parties' intent and reasonable expectations at the time the contract was made would not have included a downstream valuation point as Plaintiffs suggest.

Second, Plaintiffs' interpretation would in fact change the terms of the contract and result in two different royalties dependent on how Noble chooses to meet its obligations. If Noble satisfies its royalty obligations in-kind, it provides oil—for which it has borne the costs of extraction—to Plaintiffs on their property. But if, under Plaintiffs' theory, it chose the market price option, Noble would instead be paying for oil that has been enhanced at its own expense by preparing it for and transporting it

11

from Plaintiffs' property to the interstate pipeline. There is nothing in the royalty provision or the lease to suggest the parties contemplated such asymmetry. Rather, as the Court discussed at the outset, there is one royalty—oil extracted and delivered on Plaintiffs' property, and it is *that* oil Noble pays for under the market price option. *See Kretni Dev. Co. v. Consol. Oil Corp.*, 74 F.2d 497, 500 (10th Cir. 1934) (concluding the valuation point—the connection point of the pipeline with lessee's well—to be "the only reasonable construction which the [royalty provision] will bear and renders its two features symmetrical.").

Third, and relatedly, were the Court to accept Plaintiffs' interpretation, it would result in a windfall in their favor. As noted above, if Plaintiffs were to take possession of the oil royalty, Plaintiffs would bear all costs of preparing the oil and transporting it to a downstream market. But under Plaintiffs' interpretation, Noble would pay those costs. While parties are certainly free to contract for whatever terms they see fit, nothing in the plain language of the leases supports such a windfall, and Plaintiffs have not articulated any reason why the parties would have entered such a bargain.

To be sure, the netback method Noble uses to calculate the market price option is a standard practice in the oil and gas industry to avoid such windfalls to landowners. *Henceroth v. Chesapeake Expl., LLC*, 814 F. App'x 67, 70 (6th Cir. 2020). "Properly understood, the netback method is not a means of cost-shifting; it is a means of determining the net profit on the oil and gas by 'netting' the gross profit."

12

*Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 832-33 (10th Cir. 2018). Noble deducts post-production costs not "because the royalty owners are responsible for post-production expenses," but instead "as an accounting mechanism to determine the market value at the wellhead." *Id*; *see also Freeland v. Sun Oil Co.*, 277 F.2d 154, 159 (5th Cir. 1960) (The royalty owner "bears his proportionate part of that cost, but not because [of an] obligation . . . [r]ather, it is because that is the way in which [one] arrives at the value of [oil] at the moment it seeks to escape from the wellhead.").

Plaintiffs, citing the Colorado Supreme Court's opinion in *Rogers v. Westerman Farm Co.*, 29 P.3d 887, 895 (Colo. 2001), contend that Colorado—as an "implied duty to market state"—has definitively rejected operators' use of the netback method unless specifically authorized by the lease. Dkt. 88, pp.11-13. Plaintiffs' reliance on *Rogers* is misplaced.

In *Rogers*, the Colorado Supreme Court considered a fundamentally different question than the one presented here.[7] In that case, the parties entered four different types of oil and gas leases which all provided in some variation for royalties to be *paid* based on the gas "at the well" or "at the mouth of the well." 29 P.3d at 891. The *Rogers* court concluded this royalty language was silent as to the proper allocation of costs,

---

[7] The *Rogers* court did not address the propriety of using the netback method, when permitted, to determine market value.

13

and therefore, Colorado's implied covenant to market applied when calculating the royalty payments.[8]

But as discussed at length above, the royalty in this case is not monetary payments, it is oil. And if Noble chooses to exercise the market value option, it must pay the value of that specifically defined royalty: cost-free oil in the pipelines (on Plaintiffs' property) to which Noble attaches its wells. Noble need not bear any transportation costs for Plaintiffs because the oil to which Plaintiffs are entitled, either in-kind or its monetary value, does not leave Plaintiffs' property. Consequently, the Court concludes the analysis in *Rogers* is inapplicable here.

Finally, Plaintiffs only challenge the fact of Noble's use of the netback method; they do not make any arguments in the alternative regarding the accuracy of the netback method, discrete amounts deducted, the propriety of any one deduction over another, or Noble's use of the WASP. Consequently, the question of whether those deduction amounts or calculations were accurate and proper is not before the Court. Because the Court concludes the plain language of the leases permit Noble to use the netback method in determining the payments to Plaintiffs, no reasonable jury could conclude that Noble has breached these leases. Noble is entitled to judgment in its favor.

*   *   *

---

[8] The implied covenant to market requires—where a lease is silent with respect to allocation of costs—the lessee to incur those costs and expenses necessary to place the oil or gas in a condition acceptable for market. *Rogers*, 29 P.3d at 903.

14

For the reasons shared above, the Court GRANTS Defendant Noble Energy, Inc.'s Motion for Summary Judgment and DENIES Mike Boulter and Boulter, LLC's Partial Motion for Summary Judgment. As the prevailing party, Noble is entitled to an award of its costs.

IT IS ORDERED the Clerk of Court shall enter judgment in Noble's favor and close this case.

DATED: January 30, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00710-SKC-KAS

MIKE BOULTER and
BOULTER, LLC,

      Plaintiffs,

v.

NOBLE ENERGY INC.,

      Defendant.

---

**FINAL JUDGMENT**

---

In accordance with the orders filed during the pendency of this case, and

pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order Re: Motion for Summary Judgment [ECF No. 103] by U.S.

District Judge S. Kato Crews entered on January 30, 2026, it is

ORDERED that summary judgment is entered in favor of Defendant Noble

Energy, Inc.; and against Plaintiffs, Mike Boulter and Boulter, LLC.   It is

FURTHER ORDERED that Defendant is entitled to an award of costs as may be

determined by the Clerk of the Court pursuant to Fed. R. Civ. P 54(d).   It is

FURTHER ORDERED that this case is closed.

Dated:  February 2, 2026.

                              FOR THE COURT:
                              JEFFREY P. COLWELL

                              By:____s/C. Pearson, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MIKE BOULTER and BOULTER, LLC, )
on behalf of themselves and classes of )
similarly situated persons, )
           )  Civil Action No.: 1:24-cv-00710-SKC-KAS
        Plaintiffs, )
v. )
           )
NOBLE ENERGY, INC., )
           )
        Defendant. )

## PLAINTIFFS' NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Mike Boulter and Boulter, LLC, on behalf of themselves and classes of similarly situated persons, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the final judgment entered in this action on February 2, 2026. This appeal challenges, and seeks review of, the following orders and rulings:

1.  The Order of the District Court entered on January 30, 2026 (Dkt. No. 103), granting Defendant Noble Energy, Inc.'s motion for summary judgment (Dkt. No. 73); and

2.  The Final Judgment entered by the District Court on February 2, 2026 (Dkt. No. 104).

1

Respectfully submitted,

February 6, 2026

/s/ George A. Barton
George A. Barton
Stacy A. Burrows
Alexandre Barbour
Barton and Burrows, LLC
5201 Johnson Drive, Suite 110
Mission, Kansas 66205
Email:
    george@bartonburrows.com
    stacy@bartonburrows.com
    alex@bartonburrows.com

**Attorneys for Plaintiffs**

2

## CERTIFICATE OF SERVICE

I certify that the foregoing was submitted on February 6, 2026, using the Courts CM/ECF system, which initiated service on all of the following:

Jonathan W. Rauchway
James R. Henderson
Theresa Wardon Benz
Molly J. Kokesh
Davis Graham & Stubbs, LLP
3400 Walnut Street, Suite 700
Denver, Colorado 80205
Email: jon.rauchway@davisgraham.com
  jim.henderson@davisgraham.com
  theresa.benz@davisgraham.com
  molly.kokesh@davisgraham.com

***Attorneys for Defendant Noble Energy, Inc.***

*/s/ George A. Barton*


## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that any language drafted by artificial intelligence in this filing

was personally reviewed by the filer for accuracy, and all legal citations are to actual,

non-fictitious cases or cited authority.

*/s/ George A. Barton*

3